IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK
2004 AUG 25 P 5: 01
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

BIG LOTS STORES, INC. d/b/a
**Consolidated International**
300 Phillipi Road
Columbus, Ohio 43228,

CSC DISTRIBUTION, INC.
2855 Selma Highway
Montgomery, AL 36108,

WEST COAST LIQUIDATORS, INC.
12434 Fourth Street
Rancho Cucamonga, CA 91730,

CLOSEOUT DISTRIBUTION, INC.
50 Rausch Creek Road
Tremont, PA 17981,

DURANT DC, LLC
2306 Enterprise Blvd.
Durant, OK 74701,

    Plaintiffs,

    v.

LUV N' CARE, LTD.
3030 Aurora Avenue
Monroe, Louisiana 71201

LUV N' CARE INTERNATIONAL, INC.
3030 Aurora Avenue
Monroe, Louisiana 71201

    Defendants.

Case No.

**C2 04 810**

CIVIL COMPLAINT

**JUDGE SMITH**

Judge **MAGISTRATE JUDGE KING**

For their Complaint against Defendants, Plaintiffs aver as follows:

## JURISDICTION AND VENUE

1. This Court has personal jurisdiction over Defendants under the Ohio long arm statute, O.R.C. 2307.382(A)(1),(2); Ohio Civil Rule 4.3 (1),(2); and pursuant to the parties' sales contracts, under which Defendants agreed to submit to personal jurisdiction in Franklin County, Ohio.

2. This Court has diversity jurisdiction of this action under 28 U.S.C. § 1332 because the Plaintiffs and the Defendants are residents of different states and the amount in controversy, exclusive of interest or costs, exceeds $75,000.00.

3. Venue is proper in this district under 28 U.S.C. §§1391(c); Southern District of Ohio Local Rule 82.1(b); and pursuant to the parties' sales contracts, under which Defendants agreed to submit to jurisdiction in Franklin County, Ohio.

## THE PARTIES

4. Plaintiff Big Lots Stores, Inc. d/b/a Consolidated International is an Ohio corporation with its principal place of business at 300 Phillipi Road, Columbus, Ohio 43228.

5. Plaintiff CSC Distribution, Inc. is an Alabama corporation with its principal place of business at 2855 Selma Highway, Montgomery, AL 36108.

6. Plaintiff West Coast Liquidators, Inc. is a California corporation with its principal place of business at 12434 Fourth Street, Rancho Cucamonga, CA 91730.

7. Plaintiff Closeout Distribution, Inc. is a Pennsylvania corporation with its principal place of business at 50 Rausch Creek Road, Tremont, PA 17981.

8. Plaintiff Durant DC, LLC is a Delaware limited liability company with its principal place of business at 2306 Enterprise Blvd., Durant, OK 74701.

9. Defendant Luv N' Care Ltd. is a Louisiana corporation with its principal place of business at 3030 Aurora Ave., Monroe Louisiana 71201.

10. Defendant Luv N' Care International, Inc. is a Louisiana corporation with its principal place of business at 3030 Aurora Ave., Monroe Louisiana 71201.

## NATURE OF THE DISPUTE

11. From January 7, 2004 to May 11, 2004, Plaintiffs submitted purchase orders to Defendants for the purchase of infant care products bearing Beatrix Potter™ characters and illustrations (the "Beatrix Potter products"), the related copyright and trademarks to which, Frederick Warne and Co. ("Warne") has informed Plaintiffs are owned by Warne. Defendants accepted each of the purchase orders by shipping the requested products to Plaintiffs. Plaintiffs, in turn, paid the amount of the purchase orders due prior to its receipt of Warne's allegations of infringement and prior to Defendants' refusal to indemnify and hold harmless Plaintiffs and otherwise fulfill the conditions of the purchase orders. True and accurate copies of the purchase orders are attached hereto as Exhibits A-1 through A-11.

12. Plaintiffs' purchase orders contain terms and conditions that govern the sale of the Beatrix Potter products. Under the terms and conditions, Defendants warranted that, among other things, the goods were sold to Plaintiffs, and could be resold, in compliance with the all applicable laws, including the laws of the United States and the individual States; that Defendants would indemnify and hold harmless Plaintiffs from any and all liabilities damages, costs, fines, expenses and/or suits arising from the actual or alleged infringement of a third party's proprietary rights, including trademarks, patents and copyrights with respect to the goods; that Defendants possessed full and clear title to the goods in full compliance with any and all laws, including those governing the use of trade names, copyright and patents; and that all

warranties, express and implied, under the Uniform Commercial Code applied to the sale of the goods.

13. Relying upon Defendants' contractual and common law representations of clear and legal title, Plaintiffs sold the Beatrix Potter products to certain purchasers, including USI, a division of Bridgefield Holdings, a British company, which, in turn, resold the products to Toys R' Us stores in Great Britain.

14. Based on the belief that its copyright and registered trademark had been infringed, Warne contacted sellers in Great Britain requesting that they cease the sale of the Beatrix Potter products received from the Plaintiffs. According to Warne and unbeknownst to Plaintiffs, Defendants' license in the Beatrix Potter products: (a) had expired before the sale to Plaintiffs; (b) restricted sales of closeouts of the Beatrix Potter products to the channels, stores or distributors through which Defendants normally distributed the Beatrix Potter products, and Plaintiffs had not previously purchased the Beatrix Potter products; and (c) restricted the sale and resale of the Beatrix Potter products to North America and Latin America.

15. On or about July 20, 2004, counsel for Warne notified Plaintiffs that the Beatrix Potter products they had purchased from Defendants were infringing its intellectual property rights and demanded that Plaintiffs accept the return of the products from Europe and refrain from further sale or distribution of the products.

16. In an attempt to avoid an infringement action against it, or mitigate any damages that may arise from an infringement action against it by Warne, Plaintiffs ceased sales of the Beatrix Potter products and accepted the return of the products from Europe. Plaintiffs are presently storing the products returned from Europe pending resolution of this dispute.

17. After repeated unsuccessful attempts to discuss with Defendants' representative the allegations levied by Warne, Plaintiffs informed Defendants, by facsimile letter dated August 9, 2004, of the claims of infringement made by Warne and requested, among other things, that Defendants indemnify and hold harmless Plaintiffs from those claims, including reimbursing Plaintiffs for all costs of product acquisition, return, storage, and freight and handling.

18. To date, Defendants have refused to indemnify, hold harmless, and reimburse Plaintiffs for their losses resulting from Defendants sale of infringing product.

## FIRST CLAIM
## (BREACH OF CONTRACT)

19. Paragraphs 1-18 are incorporated herein by reference as if fully set forth herein.

20. From January 7, 2004 to May 11, 2004, Plaintiffs submitted purchase orders to Defendants for the purchase of, among other items, the Beatrix Potter products. True and accurate copies of the purchase orders are attached hereto as Exhibits A-1 through A-11. Defendants accepted the purchase orders by shipping the products to Plaintiffs. Plaintiffs paid the amount of the purchase orders due prior to its receipt of Warne's allegations of infringement and prior to Defendants' refusal to indemnify and hold harmless Plaintiffs and otherwise fulfill the conditions of Plaintiffs' purchase orders.

21. Defendants failed to transfer clear and legal title in the to Plaintiffs in violation of the terms and conditions of the sales contracts, causing Plaintiffs to sell products that Warne claimed infringed Warne's intellectual property rights.

22. As a consequence of Defendants' failure to transfer clear and legal title to Plaintiffs, Plaintiffs were forced to cease selling and distributing the Beatrix Potter products and to accept return of the products from European retailers.

23. Pursuant to the terms of the sales contracts, Plaintiffs notified Defendants of the apparent infringement and sought indemnification from Defendants for all losses they incurred as a result of Defendants' sale of the apparently infringing products.

24. In violation of the terms of the sales contracts, Defendants refuse to reimburse, indemnify and hold harmless Plaintiffs for the losses they suffered from the sale of allegedly infringing products to them.

25. Plaintiffs have duly performed all the terms and conditions of the sales contract on Plaintiffs' part to be performed.

26. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have incurred damages in an undetermined amount that may be estimated for the purposes of this litigation at this time to be in excess of $75,000.00.

## SECOND CLAIM
## (BREACH OF THE WARRANTY OF NONINFRINGEMENT—O.R.C. § 1302.25)

27. Paragraphs 1-26 are incorporated herein by reference as if fully set forth herein.

28. Defendants are merchants regularly dealing in goods of the kind which were sold to Plaintiffs and, at the time of the sales to Plaintiffs, warranted to Plaintiffs, by implication of law, that the Beatrix Potter products would be delivered free of the rightful claim of any third person by way of infringement or the like.

29. Defendants breached that warranty in that Warne claims each of the Beatrix Potter products infringe on copyrights and trademarks owned by Warne, which prevents

Plaintiffs from being able to resell the Beatrix Potter products. Thus, Plaintiffs did not receive delivery of the goods free of the rightful claim of a third person by way of infringement or the like.

30. Plaintiffs discovered Defendants' breach of warranty on or about July 20, 2004, and on August 9, 2004 Plaintiffs notified Defendants of the breach. A copy of the notice is attached as Exhibit B and incorporated by reference.

31. As a proximate result of Defendants' breach of warranty, Plaintiffs have been damaged in that they were forced to cease selling the Beatrix Potter products, accept the return of all products sold to retailers, and incur shipping costs and storage costs.

### THIRD CLAIM
### (DECLARATORY JUDGMENT RELATING TO COMMON LAW INDEMNIFICATION)

32. Paragraphs 1-31 are incorporated herein by reference as if fully set forth herein.

33. Plaintiffs purchased the Beatrix Potter products from Defendants with the good faith belief that Defendants had a valid license to sell the copyrighted and trademarked goods.

34. Unbeknownst to Plaintiffs, Defendants' license to sell the products had expired, Defendants were not entitled to sell the products to Plaintiffs under the license agreement with Warne, and Defendants were not entitled to have the products resold outside of North America and Latin America.

35. Plaintiffs unknowingly sold the Beatrix Potter products, and when informed of the apparent infringement by Warne, were forced to cease selling the products and to accept return of the products from Europe.

36. Plaintiffs demanded that Defendants agree to indemnify them for any and all claims related to the apparent infringement. Defendants have refused.

37. In order to resolve this controversy, Plaintiffs request that, pursuant to 28 U.S.C. § 2201, this Court declare that Defendants have primary liability for damages caused by Plaintiffs' sale of the apparently infringing Beatrix Potter products and that, if Plaintiffs are found liable to a third party for infringement, Plaintiffs are entitled to full indemnification from Defendants for any damages assessed against Plaintiffs.

### FOURTH CLAIM
### (UNJUST ENRICHMENT)

38. Paragraphs 1-37 are incorporated herein by reference as if fully set forth herein.

39. Alternatively, Plaintiff has conferred a benefit on Defendants by paying Defendants for the Beatrix Potter products in which Plaintiffs did not received clear and legal title and can no longer sell or distribute.

40. Plaintiff has made Defendants aware of these circumstances but Defendants have nevertheless retained the monies paid for the apparently infringing Beatrix Potter products. Justice requires that Plaintiffs be compensated for the value of the amount of benefit conferred upon Defendants.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. For Direct, Consequential and Incidental Damages incurred by Plaintiffs as a result of Defendants' breach of contract, breach of warranty of non-infringement and unjust enrichment;

B. For a Declaration that Defendants are Primarily Liable for Infringement and must fully indemnify Plaintiffs in the event Plaintiffs are found liable for infringement to a third party;

C. Costs of litigation including, but not limited to, attorneys' fees, witness fees and expenses;

D. Such further relief as this Court deems proper.

Respectfully submitted,

*William D. Kloss Jr. /by Heidi Yurkiw*
William D. Kloss, Jr. (0048454)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P. O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-6360
(614) 719-4807 (Fax)
Trial Attorney for Plaintiffs

OF COUNSEL:

Joseph R. Miller (0068463)
Heidi L. Yurkiw (0071476)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P. O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-6400
(614) 464-6350 (Fax)